IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES HANSHAW, et al.,

           Plaintiffs,

v.                                                                                 CIVIL ACTION NO. 2:11-cv-00331

WELLS FARGO BANK, N.A., et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is the motion to dismiss [ECF 27] of defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Deutsche Bank National Trust, as Trustee for ABFC Asset Backed Securities Trust ("DBNT") (collectively, "Defendants"). For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

           I.    BACKGROUND

Plaintiffs Charles and Charlotte Hanshaw ("Plaintiffs") filed this civil action on April 13, 2011, in the Circuit Court of Kanawha County, West Virginia. (ECF 1-2 at 3.) Thereafter, on May 12, 2011, Defendants removed the case to this Court (ECF 1), and on May 24, 2011, answered the Complaint (ECF 3).[1]

---

[1] The Court observes that although Greenlee Appraisals, Inc., is named as a Defendant in the Complaint and described therein as being "owned and operated" by Mark Greenlee (ECF 1-2 at 3), no appearance has been entered on behalf of either Greenlee Appraisals (or Mark Greenlee). That appears to be so because Greenlee Appraisals was never served while this action was pending in either state or federal court, and, in fact, appears to be a defunct corporation. Plaintiff's counsel acknowledged during the December 17, 2013, status conference that this named co-defendant had not been served, and further indicated that Plaintiffs would take appropriate steps to instead bring Mark Greenlee into the case following Mr. Greenlee's release from prison on January 30, 2014. (ECF 21.) There is no indication on the record that Plaintiffs took any action to amend their complaint to include Mr. Greenlee as a

On June 24, 2011, Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF 5.)

On July 15, 2011, the Court granted the parties' joint request to stay all proceedings, including discovery and motion briefing, so that they could explore a loan modification and settle the case.  (ECF 9.)  The Court renewed this stay multiple times upon joint or uncontested requests of the parties.  (ECF 11, 13, 16, 18.)

Over two years after the stay was initially entered, Plaintiffs moved for a status conference. (ECF 19.)  In their motion, Plaintiffs advised the Court that the parties had been unable to resolve the case through the loan modification process and specifically requested that the Court schedule a status conference to "address procedures and a schedule for future proceedings."  (ECF 19 at 2.)  The Court granted the motion (ECF 20), and held a status conference on December 17, 2013.

At this conference, the parties agreed that lifting the stay was appropriate and further agreed to a new scheduling order with a discovery cutoff date of July 31, 2014, as well as to a January 6, 2014, deadline for Plaintiffs to respond to the motion to dismiss (ECF 5) that Defendants had filed prior to the case being stayed.  (ECF 21.)  The Court lifted the stay and entered a new Scheduling Order the following day.  (ECF 22.)

Plaintiffs did not respond to Defendants' motion to dismiss, and on March 18, 2014, Defendants filed a "Reply Memorandum in Support of Motion to Dismiss" noting Plaintiffs' failure to so respond and asserting that Plaintiffs had otherwise failed to prosecute this action. (ECF 23.)  Plaintiffs also did not respond to this filing.

---

defendant or took any action to serve Mr. Greenlee.  Accordingly, the naming of Defendant Greenlee Appraisals, Inc. as a defendant in the Complaint has no bearing on the disposition of Wells Fargo's and DBNT's instant motion to dismiss this civil action.

Thereafter, on June 16, 2014, Defendants filed the instant motion to dismiss this case with prejudice pursuant to Federal Rules of Civil Procedure 37(d)(1)(A) and 41(b). In their motion, Defendants assert that Plaintiffs have failed to prosecute this civil action by not responding to motions and not participating in discovery. Specifically, Defendants assert that: (1) Plaintiffs failed to respond to Defendants' motion to dismiss, (2) Plaintiffs failed to respond to Defendants' discovery requests, produce any documents or information in support of their claims, or otherwise serve any discovery on Defendants prior to the June 16, 2014, discovery deadline, and (3) Plaintiffs failed to disclose any expert witnesses prior to the June 2, 2014, deadline for such disclosures. Plaintiffs did not respond to this motion, and the time in which to do so—as well as the time in which to conduct discovery—has now expired.

## II.   APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." When considering a party's motion to dismiss for failure to prosecute pursuant to Rule 41(b), the Court considers the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Revenue,* 916 F.2d 171, 174 (4th Cir. 1990).

Relatedly, Federal Rule of Civil Procedure 37 ("Rule 37") permits a court to impose sanctions upon motion when "a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Available sanctions include, as relevant here, "dismissing the action or proceeding in whole or in

part." Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3). When considering whether to impose sanctions pursuant to Rule 37, the Court must determine "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (citing *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998)). "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B).

"The legal standard for dismissals under Rule 37 is virtually the same as that for dismissals for failure to prosecute under Rule 41." *Carter v. Univ. of W. Virginia Sys., Bd. of Trustees*, 23 F.3d 400, at *2 (4th Cir. May 16, 1994) (unpublished); *see also Clatterbuck v. City of Charlottesville*, 3:11CV00043, 2013 WL 4929519, at *3 (W.D. Va. Sept. 12, 2013) (noting that the standard for imposing dismissal as a sanction under Fed. R. Civ. P. 37(d)(l)(A)(ii) is virtually the same as that for dismissal for failure to prosecute under Rule 41); *Holtzapfel v. Ford Motor Co.*, 5:06-CV-00591, 2007 WL 2277412, at *1 & n.2 (S.D. W. Va. Aug. 6, 2007) (noting the similarity between the standards for a Rule 37(b)(2)(C) dismissal for failure to obey an order to respond to discovery and a Rule 41(b) dismissal).

### III.  DISCUSSION

*A. Meet and Confer*

Initially, the Court observes that to the extent that Defendants move for dismissal pursuant to Rule 37(d), Defendants have not directly certified that they have in good faith

4

attempted to confer with Plaintiffs regarding Plaintiffs' failure to participate in discovery in an effort to obtain an answer or response without court action. *See* Fed. R. Civ. P. 37(d)(1)(B); *see also* Local Rule Civ. P. 37.1(b).

Defendants have detailed numerous instances in which Plaintiffs have failed to respond to their motions and to otherwise participate in discovery, and they have also informed the Court that their first discovery request served on Plaintiffs at the address for Plaintiffs' counsel that is on file with the Court was returned as undeliverable. Defendants have further indicated that Plaintiffs' counsel has not responded to Defendants' counsel's efforts to contact him. (ECF 27 at 5.)

Defendants do not assert, however, that the materials subsequently sent to an alternate address for Plaintiffs' counsel were returned as undeliverable, such that Defendants could not attempt to contact Plaintiffs' counsel at that address regarding a meet and confer, nor have they described the scope or subject of their other "efforts to contact" Plaintiffs' counsel or whether they sought to address the issues that form the basis of their motion to dismiss pursuant to Rule 37. Although cognizant of the practical difficulties that Defendants' counsel appears to have faced, the Court is not presented with sufficient facts to determine whether Defendants have fully complied with the meet and confer requirements of Fed. R. Civ. P. 37(d)(1)(B) and Local Civil Rule 37.1(b).

Nonetheless, "the Federal Rules of Civil Procedure and the Local Rules do not provide that failure to meet and confer automatically results in denial of the motion. Rather, the sanction for failing to meet and confer is the denial of a request for expenses incurred in making a motion, including attorney's fees." *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 526 (S.D. W. Va. 2007) (Stanley, Mag. J.). For this reason, Defendant Wells

Fargo's request for costs and attorney fees (ECF 27 at 6) is **DENIED**,[2] but the Court will still consider the merits of Defendants' motion under Rule 37(d) as well as under Rule 41(b).

    B.   *Sanction of Dismissal under Rule 41(b) and Rule 37*

In light of the above-discussed authority, the Court combines the analysis of whether dismissal is an appropriate sanction under Rule 41 and Rule 37. *See, e.g.*, *Clatterbuck*, 2013 WL 4929519, at *3; *Holtzapfel*, 2007 WL 2277412, at *1 n.2.

With respect to the first factor, there is nothing in the record to evaluate whether Plaintiffs have personally acted in bad faith. Nonetheless, the Court notes that in their motion for a status conference (ECF 19) Plaintiffs advised the Court that the parties had been unable to resolve the case through the loan modification process and specifically requested that the Court schedule a status conference to "address procedures and a schedule for future proceedings." (ECF 19 at 2.) Additionally, at the status conference held on December 17, 2013, Plaintiffs' counsel reiterated Plaintiffs' desire to lift the stay and schedule the case for discovery and trial. (ECF 21.) Accordingly, because Plaintiffs initiated the lifting of the stay in this case but have done nothing to prosecute this action since the lifting of the stay, this factor still counts somewhat against Plaintiffs. *Cf. Doyle v. Murray*, 938 F.2d 33, 35 (4th Cir. 1991) ("It is of course proper, within bounds, to hold clients to some measure of responsibility . . . for supervising their [attorney's] conduct in representing them under ordinary principles of agency. But this must always be done with an eye to the realities of a client's practical ability to supervise and control his attorney's litigation conduct."); *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974) (observing that courts are rightfully "reluctant to punish a client for the behavior of his lawyer").

---

[2] Defendant DBNT has not moved for an award of costs and attorney fees. (ECF 27 at 6.)

With respect to the second factor, Defendants are clearly prejudiced by Plaintiffs' failure to respond to Defendants' discovery requests and to participate in this civil action.  A review of the docket indicates that Defendant Wells Fargo has filed certificates of service for its first set of interrogatories and its first set of requests for production as well as two notices to take depositions of each Plaintiff.  Plaintiffs do not appear to have either responded to these filings or filed any of their own discovery-related requests or production, and the period for discovery set by the Court in the Scheduling Order closed on July 31, 2014.  With Plaintiffs having failed to participate in discovery, Defendants cannot be expected to prepare for and participate in a trial set for December 9, 2014.  *See Ellis v. Wal-Mart Distribution*, 3:10-CV-76-MOC-DSC, 2011 WL 3804233 (W.D.N.C. Aug. 2, 2011) (Cayer, Mag. J.) *report and recommendation adopted sub nom. Ellis v. Distribution Tech., Inc.*, 3:10CV76, 2011 WL 3804294 (W.D.N.C. Aug. 29, 2011) (observing that "a defendant cannot be expected to defend a case where the person bringing the action refuses to participate in the discovery process").  Accordingly, this factor also weighs against Plaintiffs.

With respect to the third factor, there is *only* a history of dilatory action by Plaintiffs because Plaintiffs have done nothing to prosecute this case since the stay was lifted.  That the stay was lifted and a new Scheduling Order entered in response to Plaintiffs' motion only makes the dilatory conduct exhibited that much more significant.  There is, however, no indication in the record from which to conclude whether these failures were deliberate or whether they were due to negligence or for some other reason.[3]  Accordingly, although the Court lacks sufficient

---

[3] Related to this factor, the Court further observes that Plaintiffs' counsel's address listed with the Court is the same address from which Defendants indicate that mail sent to Plaintiffs was returned as undeliverable.  To the extent that counsel does not provide the Court with current contact information, the Court cannot meaningfully manage an action.  Such a failure to provide updated contact information to the Court and opposing counsel is also inconsistent with a commitment to prosecuting a case.

7


facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted the Court finds that this factor also weighs against Plaintiff.[4] *See Tastee Treats, Inc. v. U.S. Fid. & Guar. Co.*, 5:07-CV-00338, 2011 WL 2265541, at *3 (S.D. W. Va. June 7, 2011) *aff'd,* 474 F. App'x 101 (4th Cir. 2012) (dismissing action pursuant to Rule 41(b) for failure to prosecute where plaintiff missed scheduling order deadlines and the only actions plaintiff took for over half a year were to seek additional time to conduct apparently non-existent discovery and to make excuses for dilatory behavior).

Finally, the Court has considered all available sanctions, including those less drastic than dismissal. But in light of the fact that Plaintiffs have not participated in this case since the lifting of the stay—and have not even responded to the instant motion to dismiss for failure to prosecute—the Court concludes that no other sanction would be sufficient or even warranted. Accordingly, this factor also counts against Plaintiffs.

In sum, the Court finds that under both Rule 41(b) and Rule 37 dismissal is an appropriate sanction for Plaintiffs' failure to participate in discovery, failure to comply with the deadlines set forth in the Court's Scheduling Order, and overall failure to prosecute this civil action.[5]

---

[4] Moreover, to the extent that there is some difference in the four-factor tests under Rule 37 and Rule 41(b), the Court further finds that it is important to deter this type of failure to comply with the Court's scheduling orders and to otherwise fail to participate in litigating a case. *See Belk*, 269 F.3d at 348.

[5] The Court observes that Defendants have also asserted that Plaintiffs' failure to respond to a motion to dismiss "acts a concession that the motion should be granted" (ECF 23 at 3) or "indicat[es] that [Plaintiffs] do not oppose the dismissal of their action" (ECF 27 at 5). Although this is the rule in some districts, this Court does not treat a plaintiff's failure to respond to a motion to dismiss as a per se admission that the motion should be granted. *Compare, e.g.*, S.D. W. Va. Local Rule Civ. P. 7.1(a)(7) ("Memoranda and other materials in response to motions shall be filed and served on opposing counsel and unrepresented parties within 14 days from the date of service of the motion.") *with, e.g.*, M.D. Pa. Local Rule Civ. P. 7.6 ("Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.*") (Emphasis added). Moreover, contrary to Defendants' suggestion, this Court did not so hold in *Osborne v. Long*, 1:11-CV-00070, 2012 WL 851106, at *10 & n.5 (S.D. W. Va. Mar. 13, 2012). In *Osborne*, the Court observed that "Plaintiffs' silence [in

### C. Dismissal with or without prejudice

The question thus becomes whether this case should be dismissed with or without prejudice. Defendants seek a dismissal without prejudice, but in light of the fact that there is no evidence that Plaintiffs personally have exhibited bad faith in failing to prosecute this case or that Plaintiffs' failures have been deliberate, the Court is not persuaded that dismissal with prejudice is warranted. *See, e.g.*, *United States v. Shaffer Equipment Co.,* 11 F.3d 450, 462 (4th Cir. 1993) (explaining that there is "strong policy that cases be decided on the merits, and that dismissal without deciding the merits is the most extreme sanction"); *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) ("Dismissal with prejudice is ordinarily reserved for the most egregious cases."); *see also Parrish v. Brand Energy Servs. of Pittsburgh, LLC*, 1:12CV3, 2013 WL 193779, at *7 (N.D. W. Va. Jan. 17, 2013) (concluding that dismissal without prejudice was appropriate sanction pursuant to Rule 37).

Accordingly, the Court finds that dismissal *without* prejudice is more appropriate under both Rule 41(b) and Rule 37(b)(2)(A), (d)(3). *See* Fed. R. Civ. P. 41(b) ("*Unless the dismissal order states otherwise*, a dismissal under this subdivision . . . operates as an adjudication on the merits.") (Emphasis added.).

### IV. CONCLUSION

In sum, after consideration of the relevant factors, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss [ECF 27] pursuant to Rule 41(b) and Rule 37, and **DENIES** Defendant Wells Fargo's request for an award of costs and attorney fees. In

---

response to a motion to dismiss] is, *perhaps*, a concession that [the claim] is unfounded" and further noted that "a number of federal courts have declared that a motion to dismiss may be properly granted without reaching the merits on the grounds that the plaintiff's failure to respond operates as a concession that the motion should be granted . . . ." *Osborne*, 2012 WL 851106, at *10 & n.5 (emphasis added). Notwithstanding such observations, however, the Court considered and decided the issues on their merits. *Id.*

light of this disposition, the Court also **DENIES AS MOOT** Defendants' motion to dismiss [ECF 5]. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this civil action and **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The Court further **DIRECTS** the Clerk to also send a copy of this Order to Plaintiffs' counsel at the address listed for him in The West Virginia State Bar Membership Directory (403 Powderhorn Road, Charleston, WV 25314) and to Plaintiffs at their last-known address (2980 Walker Drive, Charleston, WV 25312) (*See* ECF 1-1 at 1).

ENTER: August 14, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE